**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MAPINFO CORPORATION,

      Plaintiff and Counter-Defendant,

  v.

SPATIAL RE-ENGINEERING
CONSULTANTS,

      Defendant, Counter-Claimant, and
      Third-Party Plaintiff,

  v.

USADATA, INC.,

      Third-Party Defendant.

No. 02-CV-1008
(DRH)

---

**APPEARANCES:**

WHITEMAN OSTERMAN & HANNA LLP
Attorney for Plaintiff and
   Third-Party Defendant
One Commerce Plaza
Suite 1900
Albany, New York 12260

COHEN & DAX, P.C.
Attorney for Defendant
90 State Street
Suite 1030
Albany, New York 12207

**OF COUNSEL:**

MARGARET J. GILLIS, ESQ.
ALAN J. GOLDBERG, ESQ.

JOHN W. DAX, ESQ.
JESSICA A. NORGROVE, ESQ.

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

Presently pending is the motion of defendant Spatial Re-Engineering Consultants ("SRC") for reconsideration of a portion of this Court's Memorandum-Decision and Order filed

September 28, 2006 ("MDO") (Docket No. 161) or for certification of certain issues for interlocutory appeal. Docket No. 163.  Also pending is the cross-motion of plaintiff MapInfo Corp. ("MapInfo") for reconsideration of a related portion of the MDO in the event that SRC's motion is granted.  Docket No. 167.  For the reasons which follow, both motions are denied.

The facts of this case are fully described in the MDO, familiarity with which is assumed.  See MDO at 2-4; 2006 WL 2811816, at *1-2.  As relevant to the pending motions, the MDO granted MapInfo's motion to preclude the testimony of SRC's expert witness, Dr. Warren J. Keegan, concerning SRC's damages from MapInfo's alleged disparagement. MDO at 7-13.  As a consequence, MapInfo's motion for summary judgment as to SRC's second, sixth, seventh, eighth, and ninth counterclaims was also granted.  Id. at 20-28.  It is this ruling which SRC challenges on this motion.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).  A motion for reconsideration will not serve as a vehicle to reargue facts or law previously decided by the court or to advance new facts or legal theories not previously presented.  See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Reconsideration is merited only if a party demonstrates "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice ."  Friedman v. State Univ. of N.Y. at

Binghamton, No. 3:06-CV-0399, 2006 WL 2882980, at *1 (N.D.N.Y. Oct. 5, 2006) (internal quotation marks and citations omitted).

SRC's motion here rests solely on the third ground – that the MDO was clearly erroneous in excluding Dr. Keegan's testimony. SRC Reply Mem. of Law (Docket No. 168) at 1. SRC contends that the Court misapprehended Dr. Keegan's testimony.[1] The issue of Dr. Keegan's testimony was thoroughly litigated on the motion for summary judgment and addressed at length in the MDO. See MDO at 7-13. SRC's contention amounts to no more than a disagreement with and relitigation of that matter. This fails to satisfy the requirements for reconsideration. Accordingly, SRC's motion for reconsideration is denied.[2]

In the alternative, SRC seeks an order pursuant to Fed. R. Civ. P. 54(b) and 59(e) and 28 U.S.C. § 1292(b) amending the MDO to certify the following issues for interlocutory appeal:

> (a) whether the Court properly exercised discretion in precluding the Keegan Report by not considering his expert causation opinion evidence and in the absence of a *Daubert* hearing, crediting MapInfo's interpretation of what Dr. Keegan meant when

---

[1] In support of its contention, SRC has filed the declaration of Dr. Keegan. Docket No. 168(2). MapInfo has moved to strike that declaration on various grounds. Docket No. 170. First, Dr. Keegan's declaration purports to explain what Dr. Keegan intended to convey in his reports and during his two depositions. To this extent, the declaration may not be considered because it constitutes new factual matters not presented to the Court on the original motion. See Sequa Corp., 156 F.3d at 144. Second, SRC submitted Dr. Keegan's affidavit as part of it reply papers on this motion, not as part of its original motion. Cf. Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999) ("new arguments may not be made in a reply brief."). Accordingly, MapInfo's motion to strike is granted.

[2] SRC notes an error in the MDO. The MDO refers to "thirty-two" MapInfo partners or resellers when the correct number was twenty-three. MDO at 9. That error is, however, immaterial to the decision on this motion.

> he used the words "assume" and "assumption"; and (b) whether summary judgment was properly based on untested declarations made by parties not at arm's length from MapInfo.

Dax Affirm. (Docket No. 163(3)) at ¶ 21.

"28 U.S.C. § 1292(b) provides for discretionary appellate review of interlocutory decisions of the district court upon certification by the district court." In re Flor, 79 F.3d 281, 283-84 (2d Cir. 1996) (citing In re Doe, 546 F.2d 498, 501 (2d Cir.1976)).  Section 1292(b) states three requirements for certification: (1) the existence of a "controlling question of law," (2) substantial grounds for a difference of opinion as to that question, and (3) an interlocutory appeal "may materially advance the ultimate termination of the litigation."  None of these requirements are met here.

As to the first two requirements, the issues raised by SRC are essentially factual, not legal.  There is no issue here as to the Daubert rule although its application to the facts of this case may be in issue.  Likewise, there is no legal dispute as to the standard for proving causation, although there exists a question whether the facts proffered here by SRC satisfied that standard.  Finally, there is no legal issue as to the standard for determining the admissibility of or weight to be accorded to the testimony of MapInfo partners and resellers, although there exists a dispute as to the applicability of that standard to the facts presented here.  As the Second Circuit has stated, "interlocutory appeals of essentially factual questions are especially disfavored."  In re Committee of Asbestos-Related Litigation, 748 F.2d 3, 5 (2d Cir. 1984); United States v. Alliedsignal, Inc., 72 F. Supp. 2d 29, 36 (N.D.N.Y. 1999).

To meet the third requirement of section 1292(b), a party must demonstrate that an interlocutory appeal "promises to advance the time for trial or to shorten the time required for trial." Cooper Indus., Inc. v. Agway, Inc., 987 F. Supp. 92, (N.D.N.Y. 1997) (quoting 16 Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 3930 at 432 (2d ed.1996)). The Second Circuit has interpreted this requirement to reserve section 1292(b) "for those cases where an intermediate appeal may avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). Here, discovery and dispositive motions have now been completed and the trial is scheduled to commence on April 16, 2007. Docket No. 166. Thus, an interlocutory appeal now would delay, not advance the termination of this litigation. Accordingly, SRC's motion in the alternative for an order certifying issues for interlocutory appeal must be denied.

As to MapInfo's cross-motion, that motion was expressly made contingent on the granting of SRC's motion for reconsideration. Because SRC's motion is denied, MapInfo's cross-motion is denied as moot.

## Conclusion

For the reasons stated above, it is hereby

**ORDERED** that:

  1. The Clerk shall strike from the docket the declaration of Dr. Warren J. Keegan (Docket No. 168(2));

       2. The motion of defendant SRC for reconsideration of portions of the MDO or for certification of issues for interlocutory appeal (Docket No. 163) is **DENIED** in all respects; and

       3. The cross-motion of MapInfo for reconsideration of a portion of the MDO (Docket No. 167) is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 3, 2007
       Albany, New York

_____
United States Magistrate Judge